# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

TRISTAN BALDWIN,

      Plaintiff

v.                                   Case No. 2:24-cv-00538
                                       (Consolidated with Case No.
                                       2:25-cv-00009)

DERRICK WILLIAMS, *et al.*,

      Defendants.

## ORDER

      Pending before the Court are two Motions for Issuance of Subpoenas filed by Plaintiff (ECF Nos. 10 and 14)[1] and Defendant Derrick Williams' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 32).  In his motion for subpoenas, Plaintiff appears to seek Freedom of Information Act documents and other records from the United States Marshals Service ("USMS") to assist him in identifying the as yet unidentified ("John Doe") defendants named in his complaint, as well as medical records potentially from the USMS, Charleston Area Medical Center ("CAMC"), and the South Central Regional Jail ("SCRJ"), and any "pictures and statements" from the SCRJ on September 18, 2023.  (ECF No. 10 at 1; ECF No. 14 at 1).

      On February 18, 2025, Defendant Williams[2] filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 32) and a Memorandum of Law in support thereof (ECF No. 33) asserting that Plaintiff's amended complaint fails to state a

---

[1]  The motion in ECF No. 14 was docketed under seal because it contained repeated references to Plaintiff's Social Security Number.  Consequently, Defendant Williams' response notes that his counsel could not access that document.  However, the motions seek similar information.

[2]  Presently, the remaining defendants have not been identified by Plaintiff and, therefore, have not been served with process.

plausible claim for relief because "Task Force officers executing warrants fall outside the purview of *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)." Among other arguments, Williams' motion contends that Plaintiff's claims against the defendant Task Force officers "arise in a new context and there are special factors that counsel hesitation in extending *Bivens* liability to officers operating under the legal mandate of a Marshal Service Task Force." (ECF No. 33 at 5-17; ECF No. 41 at 2).

Considering the pending motion to dismiss, the undersigned entered a Notice and Order giving Defendant Williams an opportunity to respond to Plaintiff's motions for subpoenas and state his position on the appropriateness of discovery at this stage of the proceedings. (ECF No. 36). On March 24, 2025, Williams filed a response opposing the need for the requested discovery. (ECF No. 41). Williams' response asserts that he does not personally possess any responsive documents and, moreover, the requested information would not aid or affect the Court's analysis or resolution of his pending motion. (*Id.* at 2).

Williams' response contends that, before discovery would be appropriate, "Plaintiff must first establish that he has stated a valid claim[.]" (*Id.*) He further asserts that Plaintiff's medical records, whomever the custodian thereof may be, are not relevant to a determination of the sufficiency of his claim(s). Moreover, to the extent that the information sought by Plaintiff would assist him in identifying the John Doe defendants, Williams's response asserts, based upon personal knowledge as set forth in his own affidavit and an affidavit offered by Supervisory Deputy Marshal Frederick W. Lamey, that "all of the officers present at Plaintiff's arrest were members of the Marshal Service Task Force, acting in their capacities as members of the Task Force, assigned to execute the warrant for the arrest of the Plaintiff." (ECF No. 41 at 3 and Exs. 1 and 2).

Thus, "[b]ecause all of the officers present at Plaintiff's arrest, regardless of whether they are identified by name, were members of the Task Force, the Court's resolution of Defendant's motion to dismiss would be equally applicable to those individuals." (ECF No. 41 at 3). Accordingly, Williams asserts that "the issuance of a subpoena to the Marshal Service would only cause unnecessary delay in the resolution of USDM Williams' motion and would result in wasted time and resources by the Court." (*Id.*)

This court has held that discovery may be stayed pending the outcome of a dispositive motion after consideration of the following factors:

> (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations; (3) the "nature and complexity of the action," (4) "whether counterclaims and/or cross-claims have been interposed," (5) whether other parties agree to the stay," (6) the "posture or stage of the litigation," [(7)] "the expected extent of discovery in light of the number of parties and complexity of the issues in the case, [and (8)] "any other relevant circumstances."

*Citynet, LLC v. Frontier, W. Va.*, No. 2:14-cv-15947, 2016 WL 6133844, *1 (S.D.W. Va. Oct. 19, 2016). Here, the undersigned **FINDS** that, at this initial stage of the litigation, a motion to dismiss challenging the legal sufficiency of the complaint is a threshold issue that should be resolved before the parties expend substantial resources on the discovery process, and that the information sought by Plaintiff (from the USMS or any other source) is not relevant or necessary to the resolution of Williams' motion, which would be equally dispositive of the claims against the other defendants.

Thus, pursuant to Rule 26(c)(1), and upon consideration of the *Citynet* factors, it is hereby **ORDERED** that Plaintiff's Motions for Subpoenas (ECF Nos. 10 and 14) are **DENIED WITHOUT PREJUDICE** and it is further **ORDERED** that discovery of any nature in this matter is stayed pending further order of the Court.

The Clerk is directed to mail a copy of this Order to Plaintiff and to transmit a copy to counsel of record.

ENTER:        March 27, 2025

Dwane L. Tinsley
United States Magistrate Judge