IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TRISTAN BALDWIN,

                      Plaintiff,

v.                                                    CIVIL ACTION NO.  2:24-cv-00538
                                                            (consolidated with 2:25-cv-009)

DERRICK WILLIAMS, et al.,

                      Defendants.

**MEMORANDUM OPINION AND ORDER**

      This action was referred to the Honorable Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On May 7, 2025, Judge Tinsley submitted his Amended Proposed Findings & Recommendation (PF&R), [ECF No. 50], recommending that the court **GRANT** the Defendant's Motion to Dismiss, or in the alternative, the Defendant's Motion for Summary Judgment and **DISMISS with prejudice** the claims against all Defendants. In a letter dated May 13, 2025, the Plaintiff wrote to the court "responding to the defendant's motion," and the court received that letter on May 20, 2025. Although far out of time to respond to the Defendant's Motion, the court will construe the filing as an objection to the PF&R.

      A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see* Fed. R. Civ. P. 72(b)(3). Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any reviewing court as a waiver of such objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate

judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review. *See Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D. N.C. 1997).

The PF&R submitted by Judge Tinsley gave notice to the parties that they had a total of seventeen days from the filing of the PF&R "within which to file with the Clerk of this Court, specific written objections, identifying the portions of the [PF&R] to which objection is made, and the basis of such objection." [ECF No. 50, at 15]. As of today, the Plaintiff has also had another seven days, out of time, to file.

Plaintiff's objection, however, fails to specifically object to the PF&R. Similarly, the Plaintiff's objection does not offer any counter legal argument. Instead, the Plaintiff generally presents his own version of events and asserts bare legal conclusions—none of which are specific.

At most, Plaintiff's objection *may* be construed to specifically object to his being a "violent" fugitive in the context of the fugitives that the United States Marshall Service (USMS) apprehends. Plaintiff argues that because he is not violent, the USMS acted outside of its authority.

This misses the point as the Supreme Court has been very clear that *Bivens* claims cannot arise out of new contexts. As noted by the PF&R, this court, other judges in the district, and other circuit courts of appeals have found that *Bivens* claims cannot extend to the USMS. [ECF No. 50, at 9–12].

After considering all of this, the court finds that Plaintiff's objection fails to make any more specific objections to the PF&R. Therefore, the court **FINDS** that a further de novo review of the PF&R is not required. The court accepts and incorporates herein the PF&R and orders judgment

consistent therewith. The court **GRANTS** the Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, and **DISMISSES with prejudice** the case, and **DIRECTS** that this action be removed from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   June 3, 2025

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE